IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAAHKIIM BEY, :

    Plaintiff,

    v. : Case No. 3:20-cv-106

DEAN R. GRAFILO, *et al.*, JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #20);
OVERRULING PLAINTIFF'S MOTION TO RECONSIDER ORDER
(DOC. #21), WHICH THE COURT CONSTRUES AS OBJECTIONS TO
THE REPORT AND RECOMMENDATIONS; OVERRULING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. #14);
SUSTAINING DEFENDANTS' MOTION TO DISMISS (DOC. #9) FOR
LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE;
DISMISSING CASE WITHOUT PREJUDICE; JUDGMENT TO ENTER
IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF;
TERMINATION ENTRY

---

On September 14, 2020, United States Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #20, in which she recommended that the Court overrule Plaintiff's Motion for Default Judgment, Doc. #14, and sustain Defendants' Motion to Dismiss, Doc. #9, for lack of personal jurisdiction and improper venue.

On September 23, 2020, *pro se* Plaintiff Raahkiim Bey filed a "Motion to Reconsider Order," Doc. #21, which the Court construes as Objections to the

Report and Recommendations.  Pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1), the Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been filed.

Based on the reasoning and citations of authority set forth by Magistrate Judge Ovington in the Report and Recommendations, Doc. #20, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing and OVERRULES Plaintiff's Objections, Doc. #21.

Neither the Magistrate Judge's alleged mischaracterization of Plaintiff as a "professional boxer," nor her alleged misstatement that the money orders he sent to California to renew his boxing license were for $30 and $35, rather than $25 and $35, Doc. #20, PageID##267-68, is relevant to the dispositive issues of whether Plaintiff is entitled to default judgment, whether the Court has personal jurisdiction over Defendants, and whether venue is proper in the Southern District of Ohio.

To the extent that Plaintiff argues that Magistrate Judge Ovington erred in recommending that the Court overrule his Motion for Default Judgment on the alternate ground that he may have failed to state a plausible claim for relief, Doc. #20, PageID#271, he argues that he has complied with the notice pleading requirements of Fed. R. Civ. P. 8(a)(2).  However, the question of whether he has stated a plausible claim for relief is much broader than the question of whether he technically complied with Rule 8(a)(2).

2

On the question of whether Ohio's long-arm statute extends to the limits of the Due Process Clause, Magistrate Judge Ovington cited *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 545 n.1 (1994), and noted that the Sixth Circuit adheres to this case. Doc. #20, PageID#273. In response, Plaintiff argues that one panel of an appeals court cannot overrule the United States Supreme Court. Although this is a correct statement of the law, its relevance to the Magistrate Judge's finding is unclear, given that Plaintiff cites to no United States Supreme Court opinion to the contrary.

Plaintiff next objects to the Magistrate Judge's finding that the mailing of one letter to Plaintiff in Ohio, by Defendants Grafilo and Marcroft, failed to establish the necessary minimum contacts with Ohio to support a finding of personal jurisdiction. In support, he cites to *Walden v. Fiore*, 571 U.S. 277 (2014), in which the Court stated that:

> although physical presence in the forum is not a prerequisite to jurisdiction, *Burger King, supra*, at 476, 105 S.Ct. 2174, physical entry into the State—either by the defendant in person or through an agent, goods, *mail,* or some other means—is certainly a relevant contact. *See, e.g., Keeton, supra*, at 773–774, 104 S.Ct. 1473.

*Id.* at 285 (emphasis added).

The court, in *Walden*, also held, however, that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* "Plaintiff cannot be the only link between the defendant and the forum. *Id.* Magistrate Judge Ovington properly noted that the one letter mailed to Ohio by Grafilo and Marcroft was sent

3

in response to an inquiry from Plaintiff. She properly concluded that this was insufficient to establish personal jurisdiction over Grafilo or Marcroft.

Finally, Plaintiff objects to Magistrate Judge Ovington's rejection of his claim that venue is proper in the state in which Plaintiff resides. He maintains that the choice of his home state is supported by the doctrine of *forum non conveniens.* In support, he cites to an Ohio Supreme Court case, *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St. 3d 123, 519 N.E.2d 370 (1988). *Chambers*, however, acknowledges that this doctrine "assumes that proper jurisdiction and proper venue lie in the court which plaintiff has chosen." *Id.* at 126, 519 N.E.2d at 373. As Magistrate Judge Ovington explained, Plaintiff has not established that this Court has personal jurisdiction over Defendants. Nor has he established that this is a proper venue.

For the reasons set forth in the Report and Recommendations, the Court OVERRULES Plaintiff's Motion for Default Judgment, Doc. #14. The Court SUSTAINS Defendants' Motion to Dismiss, Doc. #9, for lack of personal jurisdiction and improper venue and DISMISSES Plaintiff's claims WITHOUT PREJUDICE to refiling in a court of competent jurisdiction.

Judgment shall be entered in favor of Defendants and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

5

Date: October 2, 2020

*Walter H. Rice* (tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

5